IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN SALMONS, SR.,                                   Civ. No. 1:17-cv-01104-MC

            Plaintiff,                          **OPINION & ORDER**

    v.

THE STATE OF OREGON et al.,

            Defendants.

_____

McSHANE, District Judge.

    Plaintiff John Salmons, Sr. seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Amended Complaint, ECF No. 11, is DISMISSED with prejudice. Salmons's petition to proceed IFP, ECF No. 2, is DENIED.

**LEGAL STANDARD**

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Like the original Complaint, the Amended Complaint asserts claims against the State of Oregon, the Oregon Department of Human Services and the "State of Oregon Attorneys Generals Office," (collectively, the "State Defendants"), for actions taken with regard to a state court juvenile dependency proceeding involving Salmons's children.

The Amended Complaint also brings claims against the City of Klamath Falls, the Carter Jones Collection Agency ("Carter Jones"), and the Oregon Department of Motor Vehicles ("DMV").[1] These claims relate to disputes over the payment of fines for municipal code violations and traffic tickets. The claims against Klamath Falls, the DMV, and Carter Jones do not appear to have any connection to the claims against the State Defendants.

### I. The State Defendants

In the Amended Complaint, Salmons once again appears to bring his constitutional claims against the State Defendants pursuant to 42 U.S.C. § 1983.[2] The Court previously dismissed these claims with prejudice, as they are barred by sovereign immunity. ECF No. 5. Salmons may not simply re-allege claims which this Court has dismissed with prejudice. The Court attempted to explain the original Complaint's other deficiencies, so that Salmons would have the opportunity to restate those claims on a legitimate basis, if he was able to do so.

Instead, Salmons has reiterated his original claims essentially unaltered. For example, Salmons once again alleges that his children are his property, despite the Court's prior explanation that this premise is categorically false. *See In Re Marriage of Winczewski*, 188 Or. App. 667, 753 (2003) ("Children are not property.") (internal quotation marks and citation

---

[1] The Carter Jones Collection Agency is identified in the caption as "Carter Jone Collection Agency LLC."
[2] Both in the case caption and in the body of the Amended Complaint, Salmons cites to 42 U.S.C. § 1984. That statute was "omitted" from Title 42. *See* 42 U.S.C. § 1984. Construed liberally, the Court interprets Salmons's claims as arising under 42 U.S.C. § 1983.

omitted). The only substantive change that the Court can discern is the addition of a lengthy and repetitive discussion of the Seventh Amendment, portions of which appear to have been lifted unaltered from an editorial article published in Utah. *See, e.g.,* Am. Compl. 2 ("In our interview last week with Vanessa Sommerfield…"), 3 ("These are the same legal safeguards Utah parents should be afforded.").

As the Court previously explained, sovereign immunity is fatal to Salmons's claims against the State Defendants. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). It is similarly well settled that a state agency is entitled to sovereign immunity from suit. *P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Congress has not abrogated state sovereign immunity in 42 U.S.C. § 1983. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012).

The Court previously dismissed Salmons' claims against the State Defendants with prejudice. It is clear that, despite the Court's guidance, Salmons is unable to find an alternative basis for his claims. Dismissal is, once again, with prejudice.

**II.     The City of Klamath Falls, the Oregon DMV, and the Carter Jones Collection Agency**

The Amended Complaint brings claims against the City of Klamath Falls, the Oregon DMV, and the Carter Jones Collection Agency for issues related to an outstanding debt for municipal code violations and a traffic ticket. The DMV is, like the State Defendants, an agency of the Oregon state government. It is similarly entitled to the protection of sovereign immunity. Salmons's claims against the DMV are dismissed with prejudice.

Reading the Amended Complaint and the original Complaint together, it appears that Salmons accumulated a substantial sum of unpaid municipal fines before he was cited for a traffic violation. The City of Klamath Falls insisted that any payments Salmons made be applied to the oldest debts before they could be applied to newer fines. Salmons was either unwilling or unable to pay the accumulated municipal fines and the City would not permit Salmons to apply his payments only to the traffic ticket. As a consequence, Salmons's driver's license was suspended for the unpaid traffic ticket. The Carter Jones Collection Agency's role in this is unclear, although it appears that that some or all of the fines were referred to Carter Jones for collection and, like the City, Carter Jones would not permit Salmons to pay only the traffic ticket while leaving the older municipal fines unpaid.

The Court previously dismissed Salmons's claims against the City of Klamath Falls and Carter Jones for lack of jurisdiction, but granted Salmons leave to amend. As the Court explained in its Order, federal courts have jurisdiction over two primary categories of cases: (1) those based on federal law (federal question jurisdiction); and (2) those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). *See* 28 U.S.C. §§ 1331-32. An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, Salmons asserts that this Court may exercise jurisdiction on the following grounds:

> Wrongful Acts Under the [Uniform Commercial] Code, Fundamental Fairness and Due Process within the 4th, 6th, 8th, and 14th Amendments to the US [Constitution] Unfair business practices and [diversity] of citizenship, [negligence], [constitution] Unfair business practices, misstatement, Violation of

the [principal] agent, agency relationship, Causing [undue] hardship, Deprivation of Rights under the color, This Court has jurisdiction over all these rules, laws and amendments. Title 42 U.S.C. § 1984 Failure to train and [adequately supervise its] employees. Varied [federal] Sexual Harassment laws.

Am. Compl. 8.[3]

As in the original Complaint, Salmons is asserting diversity jurisdiction. Diversity jurisdiction requires that the plaintiff and defendant be "citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff has the burden of showing diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Salmons is a resident of Oregon. The City of Klamath Falls is an Oregon municipality. The Amended Complaint makes no allegations about where the Carter Jones Collection Agency is based, although the Amended Complaint makes reference to it being located in Klamath Falls, Oregon. Am. Compl. 7. On its face, the Amended Complaint demonstrates a lack of diversity jurisdiction.

Salmons also appears to be asserting federal question jurisdiction, although he does not clearly delineate which claims are directed at the State Defendants and which are directed at Klamath Falls or Carter Jones. Federal question jurisdiction exists only when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Such jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992).

To the extent that Salmons brings his claims against Klamath Falls and Carter Jones pursuant to 42 U.S.C. § 1983, he does not clearly allege that either Defendant deprived him of a constitutional right. Nor does Salmons clearly allege that Carter Jones was acting under color of state law when it refused to accept Salmons's payments. While "a claim may lie against a

---

[3] The marked alterations in the quoted text reflect corrections to spelling errors. The Court has endeavored to preserve the substance of Salmons's jurisdictional argument.

private party who is a willful participant in joint action with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid dismissal. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (internal quotation marks and citation omitted).

In addition, any claim under § 1983 is subject to a statute of limitations. Because § 1983 does not have an express statute of limitations, federal courts borrow the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240 (1989). "Oregon's two-year statute of limitations for personal injury actions [ORS 12.110(1)] applies" to Salmons's § 1983 claims. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989). In this case, Salmons alleges that he incurred the traffic fine in 2014. Am. Compl. 7. He made unsuccessful efforts to pay off the ticket with Klamath Falls and Carter Jones before his driver's license was suspended by the DMV in April 2015. Am. Compl. 7. Salmons's claims therefore accrued no later than April 30, 2015, but Salmons did not commence this action until more than two years later, on July 17, 2017. Any § 1983 claim against the City of Klamath Falls, the DMV, or the Carter Jones Collection Agency is therefore time-barred.

Construed liberally, Salmons's references to "unfair business practices," might be a reference to the Oregon Unlawful Trade Practices Act, ORS 646.607 *et seq*. While that statute might provide Salmons with a cause of action in state court, it does not confer federal question jurisdiction. Nor can Salmons base his claim on the Uniform Commercial Code (UCC). "The UCC is simply a model statute which many states, including Oregon, have codified." *Vance-Zschoche v. Dodd*, No. 3:11-cv-85-ST, 2012 WL 92979, at *6 (D. Or. Jan. 11, 2012). "Neither the UCC nor Oregon's commercial code involve any federal law." *Id.*

As with the original Complaint, this Court lacks jurisdiction over Salmons's claims against the City of Klamath Falls, the Oregon DMV, and the Carter Jones Collection Agency.

### III. Dismissal with Prejudice

The Court has reviewed the original Complaint, the Amended Complaint, and this Court's previous Order dismissing with leave to amend. The Court notes that, despite detailed guidance, all of the allegations it found deficient in the original Complaint have been re-alleged in essentially the same form in the Amended Complaint. Salmons has, for instance, completely ignored the Court's explanation of sovereign immunity with regard to the State Defendants, both in re-alleging those claims despite their having been dismissed with prejudice and in naming the Oregon DMV, another state agency, as a new § 1983 defendant. Salmons's federal claims against the City of Klamath Falls and the Carter Jones Agency are both insufficiently pleaded and untimely and this Court lacks jurisdiction as to any state law claims Salmons brings against the City of Klamath Falls or Carter Jones.

The Court concludes that the defects in Amended Complaint cannot be remedied by further amendment and that allowing further amendment would be futile. Accordingly, dismissal shall be with prejudice.

### CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 11, is DISMISSED with prejudice. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is DENIED. All other pending motions are DENIED as moot. Final judgment shall be entered in this case.

It is so ORDERED and DATED this __11th__ day of October, 2017.

s/ Michael J. McShane<br>
MICHAEL McSHANE<br>
United States District Judge